UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Liang Chen and Lai Yoong Low, on behalf of themselves and all other employees similarly situated,<br><br>                       Plaintiffs,<br><br>            - against -<br><br>Lucky of Pelham Inc., d/b/a Pelham Palace and Kim Kok Yap,<br><br>                     Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff Liang Chen and Plaintiff Lai Yoong Low (collectively "Plaintiffs") on behalf of themselves and all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Lucky of Pelham Inc., d/b/a Pelham Palace and Kim Kok Yap (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1.     This is an action brought by Plaintiffs on behalf of themselves and all other employees similarly situated, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.      Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (4) liquidated damages equal to the sum of unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.      Plaintiff Lai Yoong Low is a resident of Queens, New York and was employed as a cashier at Defendant's restaurant located at 221 Wolf Lane, Pelham, NY 10803 from in or around May 2015 to July 31, 2018.

8.    Plaintiff Liang Chen is a resident of Queens, New York and was employed as a sushi chef at Defendant's restaurant located at 221 Wolf Lane, Pelham, NY 10803 from in or around May 2014 to July 31, 2018.

## DEFENDANTS

9.    Upon information and belief, Defendant Lucky of Pelham Inc. d/b/a Pelham Palace ("Corporate Defendant" or "Defendant Corporation") is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 221 Wolf Lane, Pelham, NY 10803.

10.    Upon information and belief, Corporate Defendant has about thirteen (13) employees.

11.    Upon information and belief, Corporate Defendant had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12.    Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce.

13.    Upon information and belief, Defendant Kim Kok Yap is the owner, officer, director and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Defendant Corporation.

14.    Upon information and belief, Defendant Kim Kok Yap owns the stock of Defendant Corporation and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours' employees will work.

15.    Upon information and belief, Defendant Kim Kok Yap determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

16.    At all times relevant, Defendant Corporation was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

17.    At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

18.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation and spread-of-hour premiums, and failed to provide them a wage notice at the time of hiring and paystubs in violation of the NYLL.

19.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## COLLECTIVE ACTION ALLEGATIONS

20.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA

and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

21.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

22.    Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

23.    Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than thirteen (13) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

24.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment

law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

25.    This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

26.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

27.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

28.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

29.     Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

30.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

31.     Defendants knew that the nonpayment of overtime pay, spread of hours premium, and failure to provide the required wage notice at the time of hiring and to provide the required wage statement with every payment of wages would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

*Plaintiff Lai Yoong Low*

32.     From in or around May 2015 to July 31, 2018, Plaintiff Lai Yoong Low ("Plaintiff Low") was hired by Defendants to work as a cashier for Defendants' restaurant located at 221/225 Wolfs Lane, Pelham, NY 10803.

33.     From in or around May 2015 to in or around October 2016, Plaintiff Low worked five (5) days per week with Wednesdays and Sundays off, and Plaintiff Low worked the following schedule: on Mondays, Tuesdays, and Thursdays, Plaintiff Low worked without a break from 11:00 am to around 9:30 pm (10.5 hours per day); on Fridays, Plaintiff Low worked without a break from 11:00 am to around 10:30 pm (11.5 hours per day); on Saturdays, Plaintiff Low worked without a break from 11:30 am to around 10:30 pm (11 hours per day). Plaintiff Low therefore worked approximately fifty-four (54) hours per week during this period of time. Plaintiff Low is also entitled to the spread of hours premium for this period of time.

34.     From in or around November 2016 to July 31, 2018, Plaintiff Low worked three (3) days per week (she worked Fridays and Saturdays, plus one day from Mondays to Thursdays), and she worked the following schedule: from Monday to Thursday on which Plaintiff Low worked, she worked without a break from 11:00 am to around 9:30 pm (10.5 hours per day); on Fridays, Plaintiff Low worked without a break from 11:00 am to around 10:30 pm (11.5 hours per day); on Saturdays, Plaintiff Low worked without a break from 11:30 am to around 10:30 pm (11 hours per day). Plaintiff Low therefore worked approximately thirty-three (33) hours per week for this period of time; Plaintiff Low is also entitled to the spread of hours premium for this period of time.

35.     From in or around May 2015 to in or around October 2015, Plaintiff Low was paid at a fixed rate of $110.00 per day, regardless the number of hours Plaintiff Low actually worked.

36.     From in or around November 2015 to on or about July 31, 2018, Plaintiff Low was paid at a fixed rate of $120 per day, regardless the number of hours Plaintiff Low actually worked.

37.     Throughout her employment with Defendants, Plaintiff Low was paid bi-weekly by both cash and check, with the allocation of $500 in check per month and the rest amount in cash.

38.     Defendants did not compensate Plaintiff Low for overtime compensation according to state and federal laws.

39.     Plaintiff Low was required by Defendants to punch time cards for all of Defendants' employees, including Plaintiff Low herself. The time cards did not correctly reflect the hours that Plaintiff Low actually worked.

40.     Throughout her employment with Defendants, Plaintiff Low was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

41.     Defendants did not provide Plaintiff Low with written notices about the terms and conditions of their employment upon hire in relation to her rate of pay, regular pay cycle and rate of overtime pay.

42.     Defendants did not provide Plaintiff Low with a correct wage statement with every wage payment.

43.     Throughout her employment with Defendants, Plaintiff Low was not exempt under federal and state laws requiring employers to pay employees overtime.

44.     Defendants failed to keep full and accurate records of Plaintiff Low's hours and wages.

***Plaintiff Liang Chen***

45.    From in or around May 2014 to July 31, 2018, Plaintiff Liang Chen ("Plaintiff Chen") was hired by Defendants to work as a sushi chef for Defendants' restaurant located at 221/225 Wolfs Lane, Pelham, NY 10803.

46.    From in or around May 2014 to in or around May 2015, Plaintiff Chen worked one day per week and he worked without break from 11:00 am to around 9:40 pm. Plaintiff Chen therefore worked approximately 10.67 hours per day and therefore is entitled to the spread of hours premium for this period of time.

47.    From in or around June 2015 to on or around July 31, 2018, Plaintiff Chen five (6) days per week (with one day off from Monday to Thursday), and Plaintiff Chen worked the following schedule: from Mondays to Thursdays on which Plaintiff Chen worked, he worked without a break from 11:00 am to around 9:30 pm (10.5 hours per day); on Fridays, Plaintiff Chen worked without a break from 11:00 am to around 10:30 pm (11.5 hours per day); on Saturdays, Plaintiff Chen worked without a break from 11:30 am to around 10:30 pm (11 hours per day); on Sundays, Plaintiff Chen worked from 12:30 pm to around 9:30 pm (9 hours per day). Plaintiff Chen therefore worked approximately sixty-three (63) hours per week during this period of time. Plaintiff Chen is also entitled to the spread of hours premium for this period of time.

48.    Throughout his employment with Defendants, Plaintiff Chen was paid at a fixed rate of $110.00 per day, regardless the number of hours Plaintiff Chen actually worked.

49.    Throughout his employment with Defendants, Plaintiff Chen was paid bi-weekly by both cash and check, with the allocation of $800 in check per month and the rest amount in cash.

50.    Defendants did not compensate Plaintiff Chen for overtime compensation according to state and federal laws.

51.     Plaintiff Chen was not required to punch cards or otherwise track his work hours. Nevertheless, Defendants asks the cashier to punch cards for all of Defendants' employees, including Plaintiff Chen. The time cards did not correctly reflect the hours that Plaintiff Chen actually worked.

52.     Throughout his employment with Defendants, Plaintiff Chen was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

53.     Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff Chen and the Collective Action members by their violation of federal and state laws.

54.     Throughout his employment with Defendants, Plaintiff Chen was not exempt under federal and state laws requiring employers to pay employees overtime.

55.     Plaintiff Chen and the Collective Action Members' workdays frequently lasted longer than 10 hours.

56.     Defendants did not provide Plaintiff Chen with written notices about the terms and conditions of their employment upon hire in relation to his rate of pay, regular pay cycle and rate of overtime pay.

57.     Defendants did not provide Plaintiff Chen with a correct wage statement with every wage payment.

58.     Defendants failed to keep full and accurate records of Plaintiff Chen's hours and wages.

**STATEMENT OF CLAIMS**

**COUNT I**

**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

59.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

60.    At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

61.    At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

62.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

63.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

64.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

65.    Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

66.     At all relevant times, Defendants had a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

67.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

68.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

69.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II

### [Violation of New York Labor Law—Overtime Pay]

70.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

71.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

72.     Defendants' failure to pay Plaintiffs their overtime pay violated the NYLL.

73.     Defendants' failure to pay Plaintiffs was not in good faith.

## COUNT III

### [Violation of New York Labor Law—Spread of Time Pay]

74.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

75.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

76.     Defendants' failure to pay Plaintiffs the spread-of-hours premium was not in good faith.

## COUNT IV

### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

77.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

78.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

79.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

80.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

81.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT V

### [Violation of New York Labor Law—New York Pay Stub Requirement]

82.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

83.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

84.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

85.    Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**Prayer For Relief**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA collective plaintiffs, respectfully requests that this court enter a judgment providing the following relief:

a)  Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)  Certification of this case as a collective action pursuant to FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his counsel to represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)   An injunction against Pelham Palace, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)   An award of unpaid overtime wages due under FLSA and New York Labor Law;

g)  An award of unpaid "spread of hours" premium due under the New York Labor Law;

h)  An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

i)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

j)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)  The cost and disbursements of this action;

m)  An award of prejudgment and post-judgment fees;

n)  Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York August 8, 2018          HANG & ASSOCIATES, PLLC.

                                                  */S/ XIAOXI LIU*
                                                  _____
                                                  Xiaoxi Liu, Esq.
                                                  136-20 38th Ave., Suite 10G
                                                  Flushing, New York 11354
                                                  Tel: 718.353.8588
                                                  xliu@hanglaw.com
                                                  *Attorneys for Plaintiffs*

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Lucky of Pelham Inc. and Kim Kok Yap and/or related entities and individuals.

I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Lai Yoong Low*
_____
Full Legal Name (Print)

*Wendy*
_____
Signature

*Aug 07/2018*
_____
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Lucky of Pelham Inc. and Kim Kok Yap and/or related entities and individuals.

I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Liang chen*
_____
Full Legal Name (Print)

*Jacky*
_____
Signature

08 / 07 / 2018
_____
Date