# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354


February 10, 2020

Ge Qu, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com

**VIA ECF**

Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   **Chen et al v. Lucky of Pelham Inc. et al**
Case No. 1:18-cv-07144-JGK

*Renewed Letter Motion for Settlement Approval*

Dear Judge Koeltl:

Plaintiff Liang Chen ("Chen")[1] ("Plaintiff") and Defendants Lucky of Pelham Inc. and Kim Kok Yap (collectively "Defendants") respectfully request that the Court approve the settlement agreement reached in this matter. A copy of the fully executed settlement agreement negotiated by the parties is annexed herein as Exhibit A.

## Settlement Amount

Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiffs for, among other things, alleged minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*, and the New York Labor Law ("NYLL").

Chen alleges that he was formerly employed as a sushi chef at Defendants' restaurant, where he alleges that he worked from approximately May 2014 to July 31, 2018. Low alleges that she used to work for Defendants as a cashier from about May 2015 to July 31, 2018. Plaintiff claims that Defendants paid them fixed daily rates regardless of the actual hours worked.

---

[1] Low has since abandoned her claims and returned to China indefinitely. The parties filed a stipulation and proposed order of dismissal with prejudice on November 6, 2019 (ECF No. 49).

If Chen were to prevail on all of his claims, including minimum wages, overtime and statutory damages for violations of Wage Theft Prevention Act, exclusive of liquidated damages, attorney's fees, costs and prejudgment interest, he would be entitled to recovery base damages totaling approximately $81,721.00. [2] Plaintiff Chen is confident that he will be able to prove his allegations through witness testimonies and documentary evidence.

On the other hand, Defendants deny all of Plaintiffs' allegations. Defendants contest Plaintiffs' working hours and maintain that Plaintiffs were paid for hours worked, including overtime.

If Defendants were to prevail on all of their defenses, the amount of damages owed to Plaintiff would be $0. Significantly, if the case were to go to trial, Defendants argue that they would be able to demonstrate via documentary evidence and witness testimony that Plaintiff worked fewer hours than alleged and were properly paid compensation.

The gross settlement amount is $45,000.00, inclusive of Plaintiff's counsel's attorney's fees of $14,816.67 and costs of $550; and distribution to Plaintiff in the amount of $29,633.33. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged wage and hour violations, and this amount considers the costs and uncertainty of protracted litigation. This settlement was reached after exchange of numerous documents and extensive negotiations between the parties' respective attorneys, which span well over a year and included a settlement conference before Magistrate Judge Kevin Nathaniel Fox on June 4, 2019. The parties agree that the settlement is fair and reasonable. We believe this to be a fair resolution of this matter, due to certain *bona fide* disputes about the value of Chen's claims and the risks attendant with continuing the litigation.

Moreover, Plaintiff was incentivized to settle because Defendants are willing to pay the Settlement Amount in five (5) monthly installments, with the first installment due within fifteen (15) days of Court approval of this Agreement. Should Plaintiff insist on further litigating this matter, the value of his damages would decrease not only due to ordinary litigation risks, but also simply with the passage of time, and the likelihood that any recovery would only be paid out over a significant length of time. By settling now, Chen ensures that he will get much of what he could potentially recover upfront, and he does so without having to wait through months of likely fruitless discovery, then having to face the possibility that his claims may be undermined at trial.

## FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of

---

[2] Plaintiffs' damages calculation letter is attached hereto as Exhibit B.

fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at 336. (Citations omitted.)

Here, the settlement amount represents a fair comprise considering that Plaintiff's potential recovery ranges from $0 to $81,721.00. The settlement reflects a fair and reasonable compromise of disputed issues rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). The settlement was reached after judicial intervention and litigation in this District. "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted).

In addition, the parties face substantial litigation risks. The costs associated with full discovery weigh in favor of settlement approval. Here, parties have been able to resolve the matter before engaging in costly formal discovery including depositions. In light of the uncertainties associated with establishing liability, as well as Chen's desire to avoid future legal proceedings, the settlement amount reached here is reasonable. *Cf., e.g., Beckert v. Ronirubinov,* 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding that a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation);*Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (holding that the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation").

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *See, e.g., Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). Here, counsel for both parties are experienced litigators. The undersigned practices primarily on employment law issues. The settlement was reached after intensive negotiations between counsel. Parties exchanged multiple demands and offers of settlement before settling on the terms of this proposed settlement. Moreover, prior to entering into the settlement agreement, Plaintiff Chen has thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Hon. John G. Koeltl
Page 4

Lastly, factors that weigh against settlement approval are absent in this case. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Chen is no longer employed by Defendants so there is no likelihood that his circumstances will recur. Additionally, this case presents no novel questions of law that would benefit future litigants from a mature record.


### Attorney's Fees

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiffs, the Firm will retain 1/3 of the Settlement Amount as attorneys' fees and reimbursement for costs, which is $2,500. Based on previous experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as one-third is standard practice in FLSA claims, it is a fair number for this matter as well.

While the Second Circuit's ruling in Cheeks did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the Cheeks decision, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensate plaintiff's attorneys in FLSA settlements. *See Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement); *see also Hiang v. Chiang*, No. 16 Civ. 1129, 2016 U.S. Dist. LEXIS 142670, at *7-8 (S.D.N.Y. Oct. 14, 2016) (awarding attorneys' fees of one-third of settlement amount in FLSA case); *Chauca v. Abitino 's Pizza 49th St. Corp.*, No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one third of gross settlement); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one third of

the FLSA settlement amount); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).

Therefore, the attorney's fees requested is reasonable under the circumstances. *Cf. Scott v. BK Beasts LLC*, No. 17-CV-699 (RRM) (PK), 2018 U.S. Dist. LEXIS 75928, at *5 (E.D.N.Y. May 3, 2018) (holding attorney's fees request totaling 38% of the settlement fund reasonable because the attorney's fees requested "fall below the lodestar amount").

In addition, Plaintiff's request for attorney's fees are reasonable because it is supported by a "cross-check" using the lodestar method. *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice "of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage"); *see also In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 373-74 (S.D.N.Y. 2013) (applying the lodestar "cross-check" to assess the reasonableness of fees calculated using the percentage method). Here, Plaintiffs' counsel spent approximately 40.6 hours in this matter. Were Plaintiffs billed hourly, the attorney's fees would amount to $11,650.00[3].

The hourly rate billed here are fair and reasonable. JIAN HANG is the principal of Hang Law and has represented Plaintiff Zhengjian Wang since the inception of this lawsuit. Mr. Hang has over ten years of experience litigating and trying cases in this area. He graduated from the Law School of University of Arkansas at Little Rock ("UALR") in 2005. He is a member of the bar in New York, Pennsylvania, District of Columbia, all four District Courts of New York, Middle District of Pennsylvania, Eastern District of Pennsylvania, District of Connecticut, and Court of Appeals for the District of Columbia Circuit. Prior to forming Hang & Associates, PLLC in January 2013, Mr. Hang practiced labor and employment law at Epstein, Becker, & Green, P.C., one of the most well recognized management-side labor and employment law firms in the country, for about eight (8) years. The undersigned respectfully submit that the many years of experience and the fact that Jian Hang's practice focuses primarily on employment law, with a significant percentage devoted to wage and hour litigation, warrants the hourly rate we seek in this case of $350 per hour.

The hourly rate of $300 requested by the undersigned is reasonable. *See Romero v. Westbury Jeep Chrysler Dodge, Inc.*, No. 15-CV-4145 (ADS) (SIL), 2016 U.S. Dist. LEXIS 46462, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6. 2016) ("Recent decisions in the Eastern District of New York have determined that reasonable hourly rates in FLSA cases are approximately $300-$450 for partners, $200-$325 for senior associates, $100-$200 for junior associates, and $60-$80 for legal support staff."). The undersigned has been practicing in this District since June 2016. I have substantial experience litigating FLSA matters from pleading to verdict representing both employees and employers. In addition to FLSA cases, I have litigated employment matters arising under Title VII, Family Medical Leave Act, and Equal Pay Act. I have dedicated the majority of my time to FLSA matters including more than 20 cases in this District alone. In addition, I represent employees as well as employers before federal and state agencies such as the National Labor Relations Board, Equal Employment

---

[3] A contemporaneous time record kept by Plaintiff's counsel is attached hereto as Exhibit C.

Hon. John G. Koeltl
Page 6

Opportunity Commission, and New York State Human Rights Division. I also represent commercial tenants in actions arising under Title III of the American with Disabilities Act. Hang Law has routinely billed my service to clients, including FLSA matters, at $300 per hour. I received a Juris Doctor degree from Fordham University School of Law in 2015; and an advanced LLM in Law & Entrepreneurship degree from Duke University School of Law.

Ms. Xiaoxi Liu was a former associate at Hang & Associates, PLLC. Ms. Liu graduated from Fordham Law in 2017 and has practice wage and hour litigation since her joining this firm in June 2018. Ms. Liu is admitted in both NY and NJ. Therefore, the requested hourly rate of $225 is reasonable. Therefore, the attorney's fees requested is reasonable under the circumstances. *Cf. Scott v. BK Beasts LLC*, No. 17-CV-699 (RRM) (PK), 2018 U.S. Dist. LEXIS 75928, at *5 (E.D.N.Y. May 3, 2018) (holding attorney's fees request totaling 38% of the settlement fund reasonable because the attorney's fees requested "fall below the lodestar amount").

For all of the reasons set forth above, the parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

We thank the Court for its continued attention to this matter.


Respectfully,

 *s/ Ge Qu*
Ge Qu, Esq.


Via ECF:
George Vallas, Esq.